UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW JONES,<br><br>        Plaintiff,<br><br>    v.<br><br>MARTIN GAMBOA,<br><br>        Defendant. | Case No. 22-cv-05823-JSC<br><br>**ORDER TO SHOW CAUSE** |

**INTRODUCTION**

Petitioner, a prisoner of the State of California proceeding without an attorney, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging his sentence. Petitioner has paid the filing fee. Because the petition states cognizable grounds for federal habeas relief, a response from Respondent is warranted.

**BACKGROUND**

In 2017, Petitioner was convicted of three counts of assault pursuant to a plea agreement in Monterey County Superior Court. The trial court sentenced him to a term of 26 years and eight months in state prison. The California Court of Appeal affirmed the judgment, and the California Supreme Court denied Petitioner's petition for review. Petitioner then filed the instant federal petition.

**DISCUSSION**

I.    <u>Standard of Review</u>

This Court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). It shall "award the writ or issue an order directing the respondent to show cause why the writ should

not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." *Id.* § 2243.

II. <u>Legal Claims</u>

Petitioner makes the following claims: (1) the California Court of Appeal violated his right to due process by erroneously finding that he had waived his right to appeal his sentence; (2) the trial court violated his right to due process by arbitrarily denying his motion to strike a sentence enhancement; and (3) the state appellate courts violated his right to due process and equal protection by ignoring applicable law in finding that he had waived his right to appeal his sentence. The first and third claims are not distinct claims. Rather, they appear to assert alternative arguments supporting the claim that the state courts violated his constitutional rights in finding his appellate rights waived. So construed, the first and third claims present one cognizable claim for habeas relief, and the second claim presents a second cognizable claim for habeas relief.

**CONCLUSION**

For the foregoing reasons and for good cause shown,

1. The Clerk shall serve electronically a copy of this order, upon the Respondent's attorney, the Attorney General of the State of California, at the following email address: SFAWTParalegals@doj.ca.gov. The Petition and the exhibits thereto are available via the Electronic Case Filing System for the Northern District of California. The Clerk shall serve by mail a copy of this order on Petitioner.

2. Respondent shall file with the Court and serve on Petitioner, on or before **December 12, 2022**, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted. Respondent shall file with the answer and serve on Petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition. If Petitioner wishes to respond to the answer, he shall do so by filing a traverse (a reply) with the Court and serving it on Respondent on or before **January 12, 2023**.

3. Respondent may, on or before **December 12, 2022**, file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of

the Rules Governing Section 2254 Cases.  If Respondent files such a motion, Petitioner shall file with the Court and serve on Respondent an opposition or statement of non-opposition on or before **January 12, 2023,** and Respondent shall file with the Court and serve on Petitioner a reply on or before **February 13, 2023**.

4. It is Petitioner's responsibility to prosecute this case.  Petitioner must keep the Court informed of any change of address by filing a separate paper captioned "Notice of Change of Address."  He must comply with the Court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: October 24, 2022

_____
JACQUELINE SCOTT CORLEY
United States District Judge